

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-91,267-01

**EX PARTE LAWRENCE JOINER, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 13,679A IN THE 21ST DISTRICT COURT
FROM BASTROP COUNTY**

*Per curiam*.

**O R D E R**

Applicant pleaded guilty to aggravated robbery and was sentenced to thirty years' imprisonment. The Third Court of Appeals affirmed his conviction. *Joiner v. State*, No. 03-09-00694-CR (Tex. App.—Austin Aug. 3, 2010) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that the State presented false testimony at his punishment hearing, trial counsel was deficient in his preparation for and during the punishment hearing, and trial counsel's advice to Applicant to reject the State's plea offer, plead to guilty, and request probation from the jury was objectively unreasonable. Applicant has alleged facts that, if true, might entitle him to

relief. *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014); *Strickland v. Washington*, 466 U.S. 668 (1984); *Lafler v. Cooper*, 566 U.S. 156 (2012). The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). Trial counsel signed sworn affidavits in 2013 and 2018. To resolve Applicant's claims, the trial court may order counsel to respond in a third affidavit. In developing the record, the trial court may also use any means set out in Article 11.07, § 3(d). Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether the State presented false testimony at Applicant's punishment hearing that was material to his sentence. The trial court shall also make findings and conclusions as to whether counsel advised Applicant to reject the State's plea offer, plead guilty, and request probation from the jury. If so, the trial court shall determine whether this advice was deficient and Applicant would have accepted the State's plea offer, the State would not have withdrawn its offer, and the trial court would have accepted the plea bargain. Finally, the trial court shall determine whether counsel's conduct in preparation for and during the punishment hearing was deficient and, if so, whether there is a reasonable probability that Applicant's sentence would have been different. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's

findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed:  September 23, 2020
Do not publish